UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV198 RWS |
| | ) | |
| AMADA AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Amada America, Inc.'s Bill of Costs. Plaintiff Christopher Arnold opposes granting Amada any costs and, in the alternative, objects to some specific costs as nontaxable. After a review of Amada's request I will grant in part and deny in part its bill of costs.

Amada prevailed in this suit by receiving a judgment in its favor. The presumption under Fed. R. Civ. P. 54 (d) is that the prevailing party is entitled to costs. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). Under Title 28 U.S.C. § 1920 the Court may tax costs for, among other items, the following: (1) fees of the clerk and of the marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case.

As the prevailing party in this case Amada is entitled to the award of its costs which qualify for reimbursement. In order to receive an award of costs, documentation for each request must be filed with the bill of costs. See Bill of Costs form "Special Note.

Amada seeks to have the following costs taxed to Plaintiff Arnold:

| | |
|---|---:|
| Witness Fees | $ 359.60 |
| Fees for Exemplification and copies of papers | 534.53 |
| Fees of the Court Reporter (Deposition expenses) | 5,498.75 |
| | $6,392.88 |

*Witness Fees*

The witness fees Amada seeks to recover include a $40.00 fee incurred for the deposition of Arnold's expert Dr. David Peters. Arnold objects to this fee asserting that witness fees are not recoverable for expert witnesses. Dr. Peters billed Amada $1,093.39 for his deposition time. Amada is entitled to recover a $40.00 statutory witness fee for this expert witness under 28 U.S.C. § 1821(b). See Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996)(limiting recovery of cost of expert witness fee to $40.00).

*Deposition Fees*

Arnold objects to several costs associated with depositions. Arnold objects to a $90.00 fee for condensed copies and a $147.00 fee for copies of exhibits associated with the depositions of Earl Judd, Barbara Shepard, and Matthews Woods. Amada has withdrawn this request totaling $237.00.

Arnold objects to the archive fee of $7.50 associated with the deposition of Ronald Reed. Amada has withdrawn this request.

Arnold objects to $669.37 for copies of deposition transcripts of Trace Tandy, Robert Nelson, Gary Carter, and Viktor Bejan. Amada has submitted further documentation for these

costs which show that only $393.75 was incurred for copies.  Amada has withdrawn its request for that cost in the amount of $393.75.

Arnold objects to a charge of $200.00 for "E-tran e-mailed" copies of these depositions. Arnold has withdrawn its request for this charge.

Arnold also challenges a charge of $260.00 charged by the court reporter for "Read/Sign to Witnesses" copies of these witnesses' depositions set to them by the court reporter for review before signing.  I find that this charge is recoverable as a cost.

Finally, Arnold objects to the $846.25 fee incurred for a videographer to record the deposition of Dr. Peters and to digitally convert the video onto a DVD.[1]  Deposition costs are recoverable even if the deposition was not used at trial as long as the deposition was necessarily obtained for use in the case.  <u>Zotos v. Lindbergh School District</u>, 121 F.3d 356, 363 (8th Cir. 1997).  These fees are treated as fees of the Court reporter under 28 U.S.C. § 1920(2).  See 10 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Costs § 2676 at 433 (3d ed.1998).

I find that a video taping and video copy of Dr. Peters' deposition was not necessarily obtained for use in this case.  The written transcript was more than sufficient for use in this matter.  As a result, I will sustain Arnold's objection to the $846.25 sought to be recovered as costs for Dr. Peter's deposition.

In conclusion, Amada's bill of costs shall be reduced by $1,684.50 (the sum of costs that

---

[1] In its reply brief Amada belatedly requests to recover the cost of $680.00 for the videotaped deposition of Plaintiff.  That request is denied for the same reason that the cost of Dr. Peter's videotaped deposition is denied.

it withdrew plus the costs I denied).[2]  I will grant Amada costs of $359.60 for witness fees; $534.53 for copies of papers; and $3,814.25 for court reporter fees associated with depositions for a total of $4,708.38.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Amada America, Inc.'s Bill of Costs [#57] is granted in part and denied in part, and that the Clerk shall tax the sum of $4,708.38 against Plaintiff Christopher Arnold in favor of Defendant Amada America, Inc.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2008.

---

[2] 237.00 + 7.50 + 200.00 + 393.75 + 846.25 = $1,684.50.